Argued and submitted June 12, affirmed September 6, reconsideration denied
October 27, petition for review allowed November 30, 1989 (308 Or 592)

# STATE OF OREGON,
*Appellant,*

*v.*

# CARL EDWARD HART,
*Respondent.*

(85-1192; CA A50370)

779 P2d 182

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Laura Graser, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

Edmonds, J., dissenting.

## RIGGS, J.

Defendant is charged with first degree rape. ORS 163.375. The state appeals from a pretrial order suppressing statements made by defendant during an interview immediately preceding his taking a polygraph examination. The issue is whether the trial judge abused his discretion in ruling that the probative value of the challenged statements was substantially outweighed by their prejudicial effect. We affirm.

Detective Stephenson came to defendant's place of business to investigate defendant's role in an alleged rape. He advised defendant that he was not under arrest, that no charges were pending against him and that he was free to leave at any time. Defendant acknowledged having had sexual intercourse with the alleged victim but said that the encounter was entirely consensual. At the conclusion of the interview, Stephenson asked defendant if he would be willing to submit to a polygraph to confirm his story. The court found that, from what Stephenson told him, defendant believed "that if he passed the polygraph the case would be dismissed but if he failed he would be arrested." Defendant agreed to take a polygraph examination.

Ten days later, Sergeant Plester of the Oregon State Police conducted a polygraph examination. As part of the examination, he conducted a standard pre-test interview. In the interview, defendant's account of his encounter with the alleged victim differed from the one that he gave in his earlier interview with Stephenson, although he again maintained that the encounter was consensual.

At the pretrial hearing on defendant's motion to suppress, the state sought to admit the pre-test statement to demonstrate the discrepancy in defendant's two versions of the story. Defendant moved to have the statement suppressed on the ground that it was involuntary. He argued that the only way that he could defend himself, if the statement were admitted, would be to inform the jury of the circumstances under which he made the second statement, that is, as a prelude to a polygraph examination that he thought he had to pass to avoid arrest. He further argued that, even if the jurors were not told the results of the polygraph test, they would infer that he had failed it from the fact that he was on trial for rape. The state

contends that the interview could be offered without identifying the circumstances under which it took place, but defendant answers that to do so would deny him his right to defend himself effectively by confronting the witness.

■　　Under Oregon law, first the court and then the jury must decide whether an admission by a defendant is voluntary. In *State v. Brewton,* 238 Or 590, 600, 395 P2d 874 (1964), the Supreme Court adopted the Massachusetts rule, under which

> "the judge hears all the evidence and must 'fully and independently' resolve the issue of voluntariness against the accused before allowing the confession in evidence. If the judge finds the confession voluntary and admits it in evidence, the jury is then instructed that it must also find that the confession was voluntary before it may consider it." (Citations omitted.)

Here, the trial court ruled that defendant's statement was voluntary.[1] The court nevertheless suppressed the statement after balancing its probative value against the prejudice to defendant if he were forced to introduce the fact that he took a polygraph examination. OEC 403. We accord deference to the trial judge's decision that the statement is unfairly prejudicial. *State v. Bernson,* 93 Or App 115, 121, 760 P2d 1362, *rev den* 307 Or 246 (1988). We will reverse the ruling only for an abuse of discretion. *State v. Johns,* 301 Or 535, 559, 725 P2d 312 (1986).

■　　We conclude that the trial judge did not abuse his discretion. He first found the challenged evidence relevant and probative. He then concluded that a jury could infer that defendant had taken and failed a polygraph examination. Finally, he concluded that *State v. Lyon,* 304 Or 221, 744 P2d 231 (1987), makes polygraph evidence prejudicial as a matter of law. Consequently, he suppressed the pre-test interview. His decision was within his discretion, and we will not disturb it.

　　Affirmed.

**EDMONDS, J.,** dissenting.

　　The majority holds that the trial court did not abuse its discretion when it ruled, pursuant to OEC 403, that the

---

[1] Because the trial court suppressed the statement, we need not consider whether it was voluntary.

probative value of the evidence was outweighed by its prejudicial effect. A trial court abuses its discretion if it is exercised to an end not justified by and clearly against the evidence and reason. *Casciato v. Oregon Liquor Control Com.,* 181 Or 707, 715-17, 185 P2d 246 (1947). OEC 403 requires that a trial judge consider four factors in determining whether the probative value of evidence exceeds its prejudicial nature: (1) the need for the evidence; (2) the certainty of the evidence; (3) the relative strength or weakness of the evidence; and (4) its inflammatory effect on the jury. *State v. Johns,* 301 Or 535, 557-58, 725 P2d 312 (1986).

The trial court found that defendant's pre-polygraph test statement was voluntary. The state offered to "sanitize" it by deleting any reference to the fact that the interviewer was a polygraph operator and that the statement was taken preparatory to a polygraph examination. The state needed the evidence, because defendant's pre-polygraph examination statement was inconsistent with his initial statement. Defendant injected the prospect of prejudice by asserting that he was required to elicit the circumstances surrounding the statement in order to show the jury that his statement was involuntary. How bringing out that the interviewer was a polygraph operator, as well as a police officer, or that the statement was made in anticipation of a polygraph examination would show that that the statement was involuntary is not apparent. Defendant was not under arrest or charged. He volunteered to take the polygraph examination, believing that, if he passed it, no charges would be filed. The interview and the test occurred ten days after he had given an initial statement. Before making the statement to the polygraph operator, he was given *Miranda* warnings and signed a written waiver. Any resulting prejudice to defendant would come from his own examination, not from the evidence proffered by the state.

In deciding whether to offer evidence, a party must always weigh whether the prejudice to his case is outweighed by the value to his case. The state should not and cannot be prevented from offering clearly admissible evidence with substantial probative value because a defendant wishes to impeach his own confession with possibly inadmissible evidence that, at best, has only speculative probative value. *See State v. Benton,* 92 Or App 685, 689, 759 P2d 332, *rev den* 307 Or 101 (1988). In an adversarial system, a party should not be

restrained from offering admissible evidence simply because the other party is placed on the "horns of a dilemma" as to how to refute that evidence. On the factors in *State v. Johns, supra,* I would hold that the trial court abused its discretion in excluding defendant's statement.

I dissent.