Argued and submitted September 3, 1992, decision of Court of Appeals affirmed as modified; order of the circuit court reversed, and case remanded to circuit court for further proceedings February 19, 1993

STATE OF OREGON,
*Respondent on Review,*

*v.*

SCOTT DEAN HARBERTS,
*Petitioner on Review.*

(CC 89-557; CA A64219; SC S38928)

848 P2d 1187

Wm. Timothy Lyons, Oregon City, argued the cause and filed the petition for petitioner on review.

Rives Kistler, Assistant Attorney General, Salem, argued the cause and filed a response to the petition for review. With him on the response were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

UNIS, J.

## UNIS, J.

The state appealed a trial court order suppressing statements made by defendant in conjunction with a polygraph examination. ORS 138.060(3).[1] The Court of Appeals reversed and remanded, *State v. Harberts*, 109 Or App 533, 820 P2d 1366 (1991), and we allowed review. The issues in this case are whether the trial court erred in holding that defendant's statements were not voluntary and that the statements could not be redacted adequately to exclude reference to the polygraph examination.

We affirm the decision of the Court of Appeals, as modified by this opinion, and remand this case to the circuit court for further proceedings. We hold that defendant's statements were voluntary, but that, on remand, the trial court must determine, in the light of this opinion, whether defendant's statements can be redacted without significantly altering their meaning in order to allow the statements to be introduced at trial over an objection based on OEC 401,[2] OEC 402,[3] and OEC 403.[4]

## FACTS

The following facts are not disputed. Defendant was charged with three counts of aggravated felony murder in the

---

[1] ORS 138.060(3) provides:

"The state may take an appeal from the circuit court or the district court to the Court of Appeals from:

"* * * * *

"(3) An order made prior to trial suppressing evidence[.]"

[2] OEC 401 provides:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[3] OEC 402 provides:

"All relevant evidence is admissible, except as otherwise provided by the Oregon Evidence Code, by the Constitutions of the United States and Oregon, or by Oregon statutory and decisional law. Evidence which is not relevant is not admissible."

[4] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

death of a two-year-old child. At the time of the child's death, defendant was staying with the child's parents. He stated that, on the morning of July 14, 1989, he awakened at about 3 a.m. to use the toilet and found the child lying on the bathroom floor. Defendant awakened the child's parents, who called police and paramedics. Defendant was removed from the area for interfering with the paramedics' attempts to resuscitate the child and later was arrested for harassment after pushing a police officer. Defendant was taken to the Clackamas County jail.

Detectives spoke with defendant at 5:53 a.m. on that same day. Defendant agreed to take a polygraph examination, which was administered that afternoon at the Oregon City Police Department. After completion of the polygraph examination, defendant was taken to Willamette Falls Hospital so that physical evidence could be taken. Defendant made statements before, during, and after the polygraph examination. The admissibility of those statements is the subject of this appeal.

Defendant moved to suppress "any and all statements of defendant made subsequent to his arrest" on the grounds that "said statements were not voluntary and were taken in violation of defendant's statutory and constitutional guarantees against self-incrimination." Defendant later filed a supplemental motion to suppress "any and all statements of defendant given during the polygraph pre-test interview, and any and all statements subsequently made" on the ground that "said statements are inadmissible under the recently decided case of *State v. Hart*, 98 Or App 305, 779 P2d 182 (1989)[, *rev'd*, 309 Or 646, 791 P2d 125 (1990)]." The trial court denied both motions.

Defendant later renewed his motions, and the trial court reconsidered its rulings. After an omnibus hearing, the trial court entered findings of fact and conclusions of law, and ordered:

"1) That * * * all statements by defendant raised by defendant's Motions to Suppress and Exclude, constituting statements to [law enforcement officers], are suppressed for all purposes by virtue of their involuntary nature.

"2) That irrespective of whether said statements were voluntary, same are excluded from evidence for all purposes

by virtue of *per se* prejudice under OEC 403, and further are so excluded under the provisions of the Constitutions of the United States and the State of Oregon guaranteeing, *inter alia*, defendant's rights to be heard, to confront and effectively cross-examine witnesses against him, to due process of law, to a fair trial by impartial jury, and corollary guarantees."[5]

The state appealed.

Relying in part on this court's decision in *State v. Hart*, 309 Or 646, 791 P2d 125 (1990), decided after the trial court's ruling in this case, the Court of Appeals reversed and remanded, holding that defendant's statements were voluntary and could be used as evidence after the statements were edited to exclude any reference to the polygraph. *State v. Harberts, supra*, 109 Or App at 538-40.

## VOLUNTARINESS

The trial court determined that defendant's statements were not voluntary and excluded them on that ground. The Court of Appeals reversed that ruling, holding that defendant's statements were voluntary. *State v. Harberts, supra*, 109 Or App at 535-38. We agree with the Court of Appeals for the reasons given by that court. *Id.* Defendant's statements should not have been suppressed on the ground that they were involuntary.

## STATEMENTS MADE IN CONJUNCTION WITH POLYGRAPH

■ In this case, defendant argued that statements made before, during, or after his polygraph examination could not

---

[5] In this case, the trial court's analysis was based in part on the Court of Appeals opinion in *State v. Hart*, 98 Or App 305, 779 P2d 182 (1989) (interpreting Oregon Supreme Court cases), in concluding that defendant would not be permitted to explain the redacted statements with reference to the polygraph context and that *per se* prejudice to defendant would result if the redacted statements were introduced. After the trial court's order in this case, this court reversed the Court of Appeals decision in *Hart. State v. Hart*, 309 Or 646, 791 P2d 125 (1990). It was in the light of the trial court's conclusions (that defendant would not be permitted to explain the redacted statements with reference to the polygraph context and that *per se* prejudice to defendant would result if the redacted statements were introduced) that the trial court concluded that admitting redacted statements would violate defendant's constitutional rights. Because the statements will need to be examined on remand in the light of this opinion, we do not address the constitutional issues.

be redacted adequately to exclude references to the examination. The trial court agreed, concluding that "[s]anitizing defendant's statements would alter their meaning" and excluded them on that additional ground.[6] The Court of Appeals reversed, finding that all of the statements could be edited. *State v. Harberts, supra,* 109 Or App at 539-40. We decline to hold that all of the statements can be adequately redacted[7] and remand instead for the trial court to make that determination in the light of this opinion.

Decisions by this court have developed a rule that the state, when introducing statements made by a defendant in conjunction with a polygraph examination, may not introduce evidence that the statements were made in the context of a polygraph examination or details of the polygraph examination, except where the evidence about the polygraph examination is relevant to rebut a defendant's argument that the statements were not voluntary. This court first stated that rule in *State v. Green,* 271 Or 153, 170-71, 531 P2d 245 (1975):

"[W]e agree with the rule as stated by Reid & Inbau, Truth & Deception: The Polygraph ('Lie-Detector') Technique 254 (1966), as follows:

" 'In laying the legal foundation for the admissibility of a confession obtained before, during, or after a Polygraph examination, a prosecuting attorney is confronted with a task requiring considerable caution. *He must seek to avoid any reference by prosecuting witnesses to the results of the Polygraph examination or even to the fact of the examination itself.* * * * The choice, therefore, *will rest with the defense attorney as to whether or not he wants to inject the Polygraph issue into the case* for the purpose of attempting to show that it or the technique was a coercive factor which compelled the defendant to confess.' (Emphasis added.)

"'* * * * *

---

[6] *See supra,* note 5.

[7] Although this court has used the word "sanitize" in this context in the past, *see, e.g., State v. Hart,* 309 Or 646, 652, 791 P2d 125 (1990), and the Court of Appeals has used the words "sanitize" and "edit," *see, e.g., State v. Harberts,* 109 Or App 533, 539-40, 820 P2d 1366 (1991), we prefer to use the word "redact." We use the word "redact" to refer to the process of putting a statement into a form suitable for introduction into evidence, so that a redacted statement is one which has been put into a form suitable for introduction into evidence.

> "It follows, in our opinion, that when the state undertakes to lay the foundation for the introduction into evidence of a confession at the trial of a criminal case by offering evidence to establish that the confession was given voluntarily, it may not at that time offer evidence of the fact, results or details of a previous polygraph examination. If, however, when the confession is offered in evidence, the defendant then objects to the confession upon the ground that the confession was not voluntary because of a preceding polygraph examination, the state may then offer in evidence not only the fact that the confession was given following a polygraph examination, but also such details of the polygraph examination, including evidence which may reveal the results of the examination, as may be relevant upon the question whether the confession was given voluntarily."

■    In the later cases of *State v. Lyon*, 304 Or 221, 233-34, 744 P2d 231 (1987), and *State v. Brown*, 297 Or 404, 438-42, 687 P2d 751 (1984), this court prohibited the admission of polygraph evidence. However, as this court recently explained in *Fromdahl and Fromdahl*, 314 Or 496, 507, 840 P2d 683 (1992), both *State v. Brown* and *State v. Lyon* addressed the question "whether polygraph evidence may be admitted in a jury trial to prove the truth of the matter asserted" (*i.e.*, as proof of the truth of what the polygraph evidence indicated). When the polygraph examiner's report or knowledge of its conclusions is not offered to prove the truth of the matter asserted, the evidence may be admissible under certain circumstances. *Fromdahl and Fromdahl, supra*, 314 Or at 508.

The rule of *State v. Green*, quoted *supra*, explains one of those circumstances:

> "[U]nder [*State v.*] *Green*, if a defendant chooses to object to the admission in evidence of a confession or his out-of-court statements upon the ground that the statements were not voluntary because of a polygraph examination, the state in rebuttal is not precluded from offering the statements or [from showing] that they originated in a polygraph examination. As stated in [*State v.*] *Green*, 'the choice whether evidence relating to a * * * polygraph examination is to be received is ordinarily a choice to be made by the defendant.' 271 Or at 173." *State v. Hart, supra*, 309 Or at 650.

That is, the state may introduce only redacted statements that "exclude any reference to polygraphy, polygraph

examinations, or results," *id.* at 651, and then "any attempt by defendant to explain the circumstances of the statements must be undertaken at defendant's risk," *id.* at 652.

■ Some statements that contain the word "polygraph" may have meaning independent of the polygraph examination and, conversely, some statements that do not contain the word "polygraph" may not have meaning independent of the polygraph examination. The goal of redacting a statement made by the defendant to an officer in the context of a polygraph examination[8] is to exclude any reference to the polygraph examination and context without significantly altering the meaning of the statement.[9]

■ Where the state seeks to introduce a statement made in the context of a polygraph examination, the trial judge's role is, first, to determine whether a defendant's statement expresses the defendant's belief or recollection as to an independently relevant fact (for example, as to the circumstances of the crime) or supports an inference as to such a belief or recollection. If the statement does not express the defendant's belief or recollection as to an independently relevant fact[10] and does not support an inference as to such a belief or

---

[8] The state seeks to introduce defendant's statements by calling officers to testify to what defendant said. OEC 801(4)(b)(A) provides that a statement is not hearsay if "[t]he statement is offered against a party and is * * * [t]hat party's own statement * * *."

[9] The same would be true with respect to redacting any statement that contains reference to something that cannot be properly mentioned to the jury.

[10] For example, it is not independently relevant if a defendant repeats information from or about the polygraph examination, expresses a belief in the truthfulness of the officer's representation or interpretation of what the polygraph examination showed, or states a belief in the general accuracy of polygraph examinations in one form or another.

"OEC 801(4)(b)(B) recognizes that a party may make an admission by adopting the statement of another person * * *." *State v. Carlson*, 311 Or 201, 206, 808 P2d 1002 (1991). Under OEC 801(4)(b)(B), "[a] statement made by another person is not hearsay if the statement is offered against a party who has manifested an adoption of the statement or a belief in its truth." *Id.* The exclusion from the rule against hearsay of statements of a party-opponent is grounded in the structure of the adversary system of litigation. Unlike statements by other persons, a party can hardly object to the admissibility of his own statements, or of statements attributable to him, on the ground that he had no opportunity to cross-examine himself or that he is unworthy of belief. The party-opponent is considered to have an adequate opportunity to explain or deny the contents of any such statements.

Thus, the hearsay barrier to introducing in a defendant's statement a reference to someone else's telling him information from or about the polygraph examination

recollection, it is not admissible and cannot be redacted to make it admissible.[11]

■ If a defendant's statement may be properly found to express a defendant's belief or recollection as to an independently relevant fact or to support an inference as to such a belief or recollection, then the trial judge must determine whether the statement can be redacted to exclude any reference to the polygraph examination without significantly

---

is not insurmountable if a defendant adopts or manifests a belief in what the other person (*e.g.*, a polygraph examiner) said (*i.e.*, a belief that the examiner's statement that the polygraph results showed that the defendant was lying is true). However, the meaning of defendant's statement of adoption or manifestation of belief still must be considered to determine whether defendant is admitting by adoption or manifestation of belief that the information from or about *this* polygraph examination is accurate (*i.e.*, a confession), is admitting by adoption or belief that information from or about polygraph examinations *in general* (but including this one) are accurate, or is stating by adoption or belief that the examiner was truthfully reporting the information from or about the polygraph examination. *See also infra*, note 11.

That is, OEC 801(4)(b)(B) helps determine what a defendant's statement is. The meaning of the statement still must be determined and cannot be significantly altered by redaction in order to be introduced over proper objection. If a defendant says, "I did not commit the crime," one word can be removed, still leaving only words that defendant did, in fact, say: "I did commit the crime." Although the remaining words are the defendant's, the meaning is not, and the attempt at redaction is unacceptable. In the same way, an attempt at redaction is unacceptable when removing a reference to the polygraph examination or context significantly alters the meaning of the remaining words, even if the defendant did, in fact, utter the remaining words.

[11] A statement of a party-opponent may be admissible over a hearsay objection as non-hearsay, OEC 801(4)(b)(A), even though the statement is not based on personal knowledge and is in opinion or conclusory form or language. *See, e.g., Washington v. Taseca Homes, Inc.*, 310 Or 783, 802 P2d 70 (1990) (a person's opinion that is not based on perception can be introduced as an admission of a party-opponent). Thus, for example, if a defendant is asked whether, even though he does not remember doing something, he is capable of committing such an act, his response that "yes, I could do something like that when I'm drunk" as an opinion could be admissible over a hearsay objection as a statement of a party-opponent. However, that does not resolve the issue whether the probative value of the statement is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" under OEC 403. Of course, the fact that a statement qualifies as a statement of a party-opponent ensures that the statement cannot be excluded by the rule against hearsay, OEC 802, but the statement may be excluded by another provision of the Oregon Evidence Code, by the Constitution of the United States or Oregon, or by Oregon statutory or decisional law. *See* OEC 402; *State ex rel Juv. Dept. v. Beasley*, 314 Or 444, 449-50, 840 P2d 78 (1992) (explaining exclusionary language of OEC 402). Further, if a statement is altered so as to change its meaning, at some point it is no longer the defendant's statement and, thus, is not a statement of a party-opponent.

altering the meaning of the original statement in the context in which it was made. In some situations, the independently relevant fact may be so inextricably connected to the information from or about the polygraph examination that the statement cannot be redacted without significantly altering the meaning of the original statement in the context in which it was made. An attempt to redact a statement that significantly alters the meaning of the statement so that the statement no longer conveys what the defendant said may make the altered statement irrelevant under OEC 401 and, therefore, inadmissible under OEC 402. Moreover, if whatever probative value the statement retains is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" caused by the alteration, the statement would be subject to exclusion under OEC 403.

■ The fact that information from or about a polygraph examination causes a defendant to say something that he or she otherwise would not have said does not necessarily prevent the meaning of the statement from being conveyed without reference to the information from or about the polygraph examination. In *State v. Clifton*, 271 Or 177, 179, 531 P2d 256 (1975), for example, the defendant was confronted by officers who told him that the polygraph examination had shown that he had been deceptive. "[D]efendant then broke down and cried and confessed to the killing, saying that he went to rob the motel and killed an innocent person." *Id.* Being confronted with the information from or about the polygraph examination precipitated the defendant's confession. That is, the polygraph context explains why he made the statement, but deleting reference to the polygraph examination or context does not change the meaning of what he said, which was a confession to the crime. Because there was substantial evidence in *State v. Clifton* to support the trial court's conclusion that the confession was voluntary, admitting the confession, without reference to the polygraph examination or context, was not error. *Id.* at 182.

There may be some statements, however, that cannot be redacted, because deleting references to the polygraph examination would significantly alter their meaning. For example, when confronted with information about the polygraph examination indicating deception, two different

defendants might react by making the following statements: (1) "I knew I shouldn't have agreed to take this polygraph test; I guess I can't trick that machine after all; I committed the crime." (2) "I still can't remember a thing, but I know that polygraph examinations are never wrong; this polygraph examination showed that I was deceptive when I denied committing the crime; therefore, even though I don't remember, I suppose I committed the crime." While the last four words of both statements are identical ("I committed the crime"), the meaning of those four words is different and is determined by the context. Before attempting to redact each statement, it must be determined whether the statement may be properly found to express a defendant's belief or recollection as to an independently relevant fact or to support an inference as to such a belief or recollection.

■ The first response is a confession; the second is, instead, a statement of a belief in the general accuracy of polygraph examinations and, implicitly, a repetition of the information from or about the polygraph examination. The second response says nothing independent of its major premise (polygraph information is always accurate)[12] about whether the defendant committed the crime. The meaning of the first response is still conveyed when references to information from or about the polygraph examination are omitted; the meaning of the second is not. The meaning of the second statement is so inextricably tied to the fact of, or information from or about, the polygraph examination that the meaning cannot be retained when the context and explicit reference to the polygraph are excluded. The fact that the defendant is permitted under our precedents to explain that information from or about the polygraph examination motivated him or her to make the statements does not dilute the requirement that redacting a statement must not alter significantly the meaning of the defendant's actual statement in order to be introduced over an objection based on OEC 402 or OEC 403.

---

[12] Of course, we are not suggesting that the major premise (stated simply, polygraph information is always accurate) and the minor premise (stated simply, deception was shown by this polygraph examination) in this defendant's deductive reasoning process (essentially, a syllogism) are accurate or reasonable, only that they necessarily lead to and totally explain the defendant's conclusion. *See generally* Landau, *Logic for Lawyers*, 13 Pac LJ 59 (1981) (discussing deductive reasoning); Aldisert, *Logic for Lawyers: A Guide to Clear Legal Thinking* (1992) (same).

In this case, defendant seeks to suppress statements that explicitly refer to the polygraph examination, *e.g.*, "if the polygraph indicated [that I] was involved, then [I] must have been," and statements that do not explicitly refer to the polygraph examination, *e.g.*, "I can't believe it," and then, in response to an officer's inquiry, "what?," defendant said, "killed my best friend's daughter." If the statements are to be introduced, the trial court must determine on remand, in the light of this opinion, whether each of defendant's statements can be redacted.

## CONCLUSION

The Court of Appeals' suggestion that all of the challenged statements can be redacted adequately by omitting references to the polygraph examination[13] is modified to the extent that the trial court must determine on remand, in the light of this opinion, whether defendant's statements can be redacted.

The decision of the Court of Appeals is affirmed as modified. The order of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

[13] The Court of Appeals stated:

"The final issue is whether the statements can be sanitized, *i.e.*, whether they can be introduced in such a way as to prevent any reference to the fact that defendant made them in the setting of a polygraph examination. All of the statements that are in the record are capable of being 'sanitized.' Indeed, as far as we can tell, the statements that the state seeks to introduce do not actually refer to the polygraph examination. Although a few of the statements were made in response to questions or statements that referred to the polygraph, we see no insurmountable problem in editing those statements or questions to avoid any reference to the polygraph test." *State v. Harberts, supra*, 109 Or App at 539-40.